

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Education
Austin, Texas

Dear Sir:

Opinion No. O-6346
Re: Validity of contract providing for forfeiture of a portion of teacher's salary where teacher abandoned position without consent of School Board.

Your request for opinion upon a matter related to you by Hon. H. W. Stilwell, Superintendent of Texarkana Schools, has been received and carefully considered. We quote from Mr. Stilwell's letter as follows:

"I have one other request for a ruling to submit to you and through you to the Attorney General.

"At its last meeting the School Board instructed me to submit an outline of a contract which it is considering for the next school year, its purpose being to deter teachers from leaving their jobs during the school term. The contract provisions would be as follows:

"1. The contract would be given a definite time to run.

"2. The Board would agree not to replace the teacher during the life of the contract.

"3. The teacher would agree not to leave the school room during the life of the contract unless released by the Board.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"4. The contract would provide that by mutual agreement the contract might be cancelled at any time.

"5. The Board would obligate itself to agree to the cancellation of the contract for any cause it considers just and reasonable whenever a hardship would not be brought upon the pupils of the teacher.

"6. The contract would set up a yearly salary for nine months of work, but the salary to be paid in twelve installments.

"7. The contract would provide that if a teacher left his job without being released from the contract by the Board the teacher would forfeit all pay due to him for the rest of the contract.

"You will see that the last provision is the one on which the Board desires particularly to be advised. It contemplates as you will note the withholding of one fourth of a salary divided by nine in order to make the payment in twelve installments, for the forfeiture by a teacher of all money thus withheld if the teacher should leave his job without release from the Board. Please give this your very careful attention as early as you can do so so that if the Board should decide to have this type of contract the teachers may be informed as early as possible."

Article 2781, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The Board of Trustees of any city or town or any independent school district may employ a superintendent, principal, teacher, or other executive officers in the schools therein for a term not to exceed three years, provided that the Board of Trustees of an independent school district which had a scholastic population

> of 5,000 or more in the last preceding scholastic year may employ a superintendent, principal, teacher, or other executive officers in the schools therein for a term not to exceed five years. All twelve-month contracts made by trustees of independent school districts with employees herein mentioned shall begin on July first and end on June 30th of the year terminating the contract. Acts 1905, p. 263; Acts 1923, p. 260; Acts 1930, 41st Leg. 5th C. S. p. 123, Ch. 8, Sec. 1."

The rule seems to be well established in Texas that school trustees have the management and control of the school and have authority to employ and contract with teachers subject to statutory limitations. See the following authorities:

Peevy et al v. Carlile, 139 S.W.(2) 779
Miller v. Smiley, 65 S.W. (2) 417
White v. Porter, 78 S.W. (2) 287

It was also held in the case of Fromen v. Goose Creek Independent School District, 148 S. W. (2) 460, a certain teacher's contract was void as being in violation of a statute and as being against the "public policy" of the State.

After careful examination we have been unable to find any statutory prohibition which would prevent the insertion of provision No. 7 in the proposed teacher's contract. We also are unable to perceive where such provision would violate any public policy of this State. We, therefore, hold same to be a valid contractual provision.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

WJF:BT

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN